```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

MARCUS DeANGELO LEE a/k/a
MARCUS DeANGELO JONES,

    Petitioner,

vs.                                  No. 08-2302-STA-dkv

ROBERT E. COOPER, JR., et al.,

    Respondents.

ORDER DENYING PETITIONER'S SECOND MOTION FOR RECONSIDERATION

       The Court issued an order on September 29, 2009, that, <u>inter alia</u>, granted Respondent's motion to dismiss the petition as time barred, denied a certificate of appealability, and certified that an appeal would not be taken in good faith. (Docket Entry ("D.E.") 36.) Judgment was entered on September 30, 2009. (D.E. 37.) On October 8, 2009, Respondent filed a motion for reconsideration based on the fact that his copy of the dismissal order and judgment had apparently been misdelivered. (D.E. 38.) On October 21, 2009, the Court issued an order that, <u>inter alia</u>, denied the motion for reconsideration because it made no argument that the dismissal order was wrongly decided, but directed the Clerk to re-enter the judgment and stated that "Petitioner may, if he chooses, file another Rule 59(e) motion within the time

specified after the entry of the amended judgment." (D.E. 40 at 3.) An amended judgment was entered on October 23, 2009 (D.E. 41), and Petitioner filed a second timely motion for reconsideration on October 28, 2009 (D.E. 42).

The standard for evaluating a Rule 59(e) motion to reconsider is as follows:

> To grant a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, there must be "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."

Betts v. Costco Wholesale Corp., 558 F.3d 461, 476 (6th Cir. 2009) (quoting Henderson v. Walled Lake Consol. Schs., 469 F.3d 479, 496 (6th Cir. 2006)). The Sixth Circuit has repeatedly held that

> Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment. Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 395 (6th Cir. 2007); Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). Rule 59(e) allows for reconsideration; it does not permit parties to effectively "re-argue a case." Sault Ste. Marie Tribe, 146 F.3d at 374.

Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008).

Petitioner is not entitled to relief under Rule 59(e). His arguments amount to attempts to reargue issues that have already been decided against him or the presentation of new arguments that should have been made prior to the entry of judgment. Nothing in the instant motion persuades the Court that its order granting Respondent's motion to dismiss the petition as time barred was wrongly decided.

Specifically, Petitioner argues that he was not told he had the right to appeal and, therefore, his plea was constitutionally inadequate. (D.E. 42 at 2.) Petitioner is mistaken. Petitioner entered a guilty plea that included an explicit waiver of his right to appeal. (D.E. 12-2 at 9, 10.) At the guilty plea hearing, the trial judge advised Petitioner that, if the case went to trial, he would have the right to appeal and to have a lawyer appointed to represent him and that, because he was pleading guilty, "there's no trial and there's not [sic] appeal. This ends the prosecution today." (D.E. 27-1 at 6.) This issue is without merit.

Next, Petitioner asserts that he did have access to Tennessee statutes and case law during his incarcerations in Missouri, Indiana, Illinois, and Mississippi. (D.E. 42 at 3-4.) For the reasons previously stated (D.E. 36 at 10-11), Petitionter's ignorance of the law is not a basis for equitable tolling. Petitioner had no right to the assistance of counsel in filing this federal habeas petition. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). "[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling." United States v. Stone, 68 F. App'x 563, 565-66 (6th Cir. 2003); see also Maclin v. Robinson, 74 F. App'x 587, 589 (6th Cir. 2003); Tomlinson v. Lazaroff, No. 2:07-cv-583, 2008 WL 2796549, at *7-*8 (S.D. Ohio July 16, 2008); Williams v. Williams, No. 5:07CV01498, 2008 WL

2121078, at *4 (N.D. Ohio Mar. 14, 2008) (report and recommendation), adopted, 2008 WL 2121036 (N.D. Ohio May 20, 2008); Horton v. Warden, Ross Correctional Inst., No. 2:07-cv-525, 2008 WL 687136, at *3-*4 (S.D. Ohio Mar. 11, 2008); Groomes v. Parker, No. 3:07-0124, 2008 WL 123935, at *1, *5 (M.D. Tenn. Jan. 9, 2008); Rucker v. Bell, No. 1:07-cv-152, 2008 WL 56025, at *5 (E.D. Tenn. Jan. 3, 2008).[1] Moreover, as previously noted (D.E. 36 at 13), Petitioner has not demonstrated that he acted with reasonable diligence to file this petition. Pace v. DiGuglielmo, 544 U.S. 408, 418-19 (2005).

Next, Petitioner contends that this Court erroneously rejected his claim that he is actually innocent of the weapon offense. (D.E. 42 at 3-4.) "A claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993). The actual innocence exception is very narrow in scope and requires proof of factual innocence, not just legal insufficiency. Bouseley v. United States, 523 U.S. 614, 623 (1998) ("It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency."). In this case, Petitioner is asserting a freestanding actual innocence

---

[1]  The Sixth Circuit's decision in Solomon v. United States, 467 F.3d 928, 933-34 (6th Cir. 2006), is distinguishable, because the prisoner did not have access to the library during the period shortly after the limitations period applicable to § 2254 petitions and § 2255 motions was enacted.

claim, that is, a claim of actual innocence that is not used to excuse the procedural default of another claim. (See D.E. 42 at 6-7.) Although the Supreme Court has suggested that it may recognize freestanding actual innocence claims in capital cases, see Herrera v. Collins, 506 U.S. at 417, it has not done so in noncapital cases such as this one.

Even if a freestanding actual innocence claim were recognized, the Supreme Court has stated that "the threshold showing for such an assumed right would be extraordinarily high." Id. That standard has not been satisfied in this case. The Supreme Court's decisions in Bailey v. United States, 516 U.S. 137, 143 (1995), and Bousley, stated a new statutory interpretation of 18 U.S.C. § 924(c), a federal criminal statute that criminalized use of firearms during and in connection with drug-trafficking crimes. As a result, some prisoners who had been convicted were no longer guilty of violating that statute and their convictions were eventually reversed. Those decisions do not assist Petitioner because he was not charged under the statute at issue in Bailey and Bousley. Petitioner was not even charged with "using" a firearm.

Petitioner's argument that his sentence was void under Tennessee law because the trial judge did not have the authority to impose concurrent sentences (D.E. 42 at 4) is not a claim of actual innocence.

Next, Petitioner argues that, because he has identified a jurisdictional defect, he is entitled under Tennessee law to set aside his state-court convictions. (Id. at 5-6.) Petitioner's point is unclear. Even if Petitioner were entitled to relief under Tennessee law, he did not take advantage of that procedure to exhaust his claim that his judgment is void in state court[2] and he did not timely file his federal habeas petition.[3]

Finally, Petitioner's argument that the petition should not have been dismissed without an evidentiary hearing on his claims (D.E. 42 at 6-7) is not persuasive. The sentences for these offenses were imposed in 1995, yet Petitioner filed no collateral challenge until 2006, six years after sentence was imposed in his federal case. Thus, even if the plain language of the plea agreement is overlooked,[4] Petitioner knew no later than 2000 that these expired convictions could be used to enhance a subsequent

---

[2] Petitioner filed a petition for a writ of habeas corpus pursuant to Tenn. Code Ann. §§ 29-21-101 et seq., in 2008, which was denied, but he did not file a timely notice of appeal. Although he contends he did not timely receive the decision, the Tennessee Court of Criminal Appeals denied leave to file a late appeal. (D.E. 42 at 6.)

[3] This Court is authorized to issue a writ of habeas corpus with respect to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Error in the application of state law is not cognizable in a federal habeas proceeding. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Pulley v. Harris, 465 U.S. 37, 41 (1984). Thus, even if the judgment were void under state law, which has not been established, Petitioner would not be entitled to federal habeas relief.

[4] The plea agreement, signed by Petitioner, stated that "[i]t has been explained to me and I understand that this conviction(s) may be used in a subsequent proceeding to enhance the punishment for subsequent offenses." (D.E. 12-2 at 9.)

federal sentence. Nothing in Petitioner's various submissions persuades the Court that he can establish that he was diligent in pursuing his rights. Petitioner has raised no disputed factual issue that must be resolved by a hearing.

For all the foregoing reasons, the Court DENIES Petitioner's motion for reconsideration.

IT IS SO ORDERED this 9th day of June, 2010.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE